**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM J. NEUFELD, JR., ) <br> ) <br>          Petitioner, ) <br> ) <br>   v. ) <br> ) <br> LIEUTENANT KENITZ, ) <br> ) <br>          Respondent. ) <br> _____) | No. CV 12-7379-JFW(CW) <br><br> ORDER SUMMARILY DISMISSING <br> ACTION AND DENYING CERTIFICATE <br> OF APPEALABILITY |

    For the reasons set forth below, this petition for writ of habeas corpus by a state prisoner is summarily dismissed without prejudice as wholly unexhausted, and a certificate of appealability is denied.

    This court has a duty to screen applications for habeas corpus relief. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes; see also Local Rule 72-3.2. Rule 4 requires a district court to promptly examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not then entitled to relief in the district court, the judge shall make an order for summary dismissal of the petition. See Rules Governing

1 § 2254 Cases in the United States District Courts, Rule 4; see also
2 Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed
3 order for summary dismissal and proposed judgment for district judge
4 if it plainly appears from face of petition that petitioner is not
5 entitled to relief).

6     As a general matter, a petition for writ of habeas corpus "shall
7 not be granted" unless state remedies have been exhausted.  28 U.S.C.
8 § 2254(b)(1)(A); see also Duncan v. Henry, 513 U.S. 364, 365, 115 S.
9 Ct. 887, 130 L. Ed. 2d 865 (1995)(per curiam).  A petitioner satisfies
10 the exhaustion requirement if he has fairly presented his federal
11 claims to the state's highest court, in order to give the state the
12 opportunity to pass upon alleged violations of its prisoners' federal
13 rights.  Duncan, 513 U.S. at 365; Baldwin v. Reese, 541 U.S. 27, 29,
14 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).

15     Here, the Petition appears to concern a conviction in San Luis
16 Obispo Superior Court, case number F468767.  [See Petition at 2.]
17 However, there is no indication of the date of conviction, the date
18 Petitioner was sentenced, or the sentence imposed.  [Id.]  Although
19 there is some indication that an appeal was filed, there is no
20 indication of its status nor does it appear that a petition for review
21 was filed or that collateral relief was pursued in the California
22 Supreme Court.  [See Id. at 3-4.][1]  Thus, because it plainly appears
23 from the face of the petition that relief is not available, and
24 because it further appears that the defect cannot be cured by

---

[1] A search of the California Court of Appeals Case Information online database reveals that judgment was entered in San Luis Obispo Superior Court case number F468767 on July 11, 2012, and that a notice of appeal was filed on July 20, 2012 (case number B242936).  The database reveals no matters pending in the California Supreme Court.  [See http://appellatecases.courtinfo.ca.gov.]

amendment at this time, the petition should be dismissed without prejudice. See generally, 28 U.S.C. § 2254(b).

Additionally, Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is, as here, dismissed on procedural grounds, a COA should be granted only if two elements are satisfied: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Here, there is nothing to indicate that jurists of reason would find anything debatable in the procedural ruling that the petition is wholly unexhausted. Thus, the court need not decide whether the application states a valid constitutional claim. See Id. at 485.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is dismissed without prejudice and a certificate of appealability is denied.

DATED:  September 4, 2012

_____
JOHN F. WALTER
United States District Judge

Presented by:
Dated: August 30, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge